IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

RICHARD CANIZARES,

     Plaintiff,

vs.

SILVA GROUP CONSTRUCTION,
INC., a Florida Profit Corporation, and
ADELINO AGOSTINHO, an individual,

     Defendants.

_____/

## COMPLAINT FOR DAMAGES

Plaintiff, RICHARD CANIZARES, sues Defendants, SILVA GROUP CONSTRUCTION INC. and ADELINO AGOSTINHO, and shows:

### Introduction

1.    This is an action by RICHARD CANIZARES against his former employers against his former employers for unpaid overtime, unpaid minimum wages and other unpaid wages pursuant to the Fair Labor Standards Act, the Florida Minimum Wage Act and Florida common law.  Plaintiff seeks damages and a reasonable attorney's fee.

### Jurisdiction

2.    Counts I and II of this action arise under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206 and 207. Count III of this action arises under the Florida Minimum Wage Act ("FMWA"), Florida Statutes §448.110. Count IV of this action arises under Florida common law for breach of contract. The Court has jurisdiction over Counts I and II pursuant to 29 U.S.C. § 216(b) and supplemental jurisdiction over Counts III and IV pursuant to 28 U.S. Code § 1367.

1

3.     The claims arose within the Southern District of Florida, which is where venue is proper.

**Parties and General Allegations**

4.     Plaintiff, RICHARD CANIZARES, (hereinafter "CANIZARES") a resident of Broward County, was at all times material, employed by SILVA GROUP CONSTRUCTION, INC., as a warehouse supervisor, was an employee as defined by 29 U.S.C. § 203(e), and during his employment with SILVA GROUP CONSTRUCTION, INC., was engaged in commerce or in the production of goods for commerce.

5.     Defendant, SILVA GROUP CONSTRUCTION, INC., (hereinafter, "SILVA GROUP"), is a Florida Profit Corporation with headquarters in Miami-Dade County, Florida, doing business in Miami, Florida, is an enterprise engaged in an industry affecting commerce, is an employer as defined by 29 U.S.C. § 203(d) and (s)(1), in that it has employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and it is an enterprise whose annual gross volume of sales made or business done is not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated) which has employees subject to the provisions of the FLSA, 29 U.S.C. §§ 206 and 207.

6.     Defendant, ADELINO AGOSTINHO ("hereinafter, "AGOSTINHO"), who resides in the Southern District of Florida, was, or now is, an owner and/or operator of Defendant SILVA GROUP. AGOSTINHO determined CANIZARES's work schedule, job duties, rate of pay, and generally controlled the terms and conditions of his employment. Thus, AGOSTINHO and SILVA GROUP are joint employers and constitute the same employer within the meaning of Section 3(d) of the Act, 29 U.S.C. § 203(d).

7.     Plaintiff CANIZARES's worked more than 40 hours per week for most weeks of his employment, but was not paid overtime compensation at time-and-a-half his regular rate of pay.

8.     During the last two weeks of CANIZARES' employment, he worked one full week and a partial week, but was paid no wages whatsoever.

9.     The failure to pay overtime and minimum wages to CANIZARES is unlawful in that he was not exempted from the overtime provisions of the Act pursuant to the provisions of 29 U.S.C. § 213(a), in that he was an hourly waged employee and was neither a bona fide executive, administrative nor professional employee.

### Count I – Violation of FLSA by all Defendants – Overtime

10.     Plaintiff, RICHARD CANIZARES, realleges, as if fully set forth in Count I, the allegations of Paragraphs 1 through 9 above.

11.     Since on or about mid December 2021 and up to and including April 20, 2022, Defendant SILVA GROUP has willfully violated the provisions of §7 of the Act [29 U.S.C. §207] by employing employees engaged in commerce for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at rates not less than one and one-half times the regular rates at which they were employed: specifically CANIZARES, during his employment, worked in excess of 40 hours a week during several weeks of his employment as outlined above, but was not compensated for all overtime hours at one and one-half times his regular rate.

12.     CANIZARES is entitled pursuant to 29 U.S.C. § 216(b), to recover from SILVA GROUP and AGOSTINHO:

   a.     All unpaid overtime that is due;

   b.     As liquidated damages, an amount equal to the unpaid overtime owed;

    c.     The costs of this action, and;

    d.     A reasonable attorney's fee.

WHEREFORE, Plaintiff, RICHARD CANIZARES, prays that this court will grant judgment against Defendants SILVA GROUP and AGOSTINHO:

    a.     awarding CANIZARES payment of overtime compensation found by the court to be due to him under the Act;

    b.     awarding CANIZARES an additional equal amount as liquidated damages;

    c.     awarding CANIZARES his costs, including a reasonable attorney's fee; and

    d.     granting such other and further relief as is just.

### Count II – Violation of the FLSA by all Defendants – Minimum Wage

13.    Plaintiff, CANIZARES, realleges, as if fully set forth in Count II, the allegations of Paragraphs 1 through 9 above.

14.    CANIZARES worked for SILVA GROUP for approximately 70 hours during the last two weeks of his employment, but received no compensation whatsoever for the work performed.

15.    SILVA GROUP's failure to pay CANIZARES his paycheck violates 29 U.S.C. § 206(a)(1) by not paying him at least a minimum wage.

16.    CANIZARES is entitled pursuant to the FLSA to recover from Defendant SILVA GROUP and AGOSTINHO:

    a.     The applicable minimum wage in effect at the times he worked without receiving compensation;

b.      As liquidated damages, an amount equal to the unpaid minimum wage he is owed;

c.      The costs of this action, and;

d.      A reasonable attorney's fee.

WHEREFORE, Plaintiff prays that this Honorable Court:

a.      Enter judgment for CANIZARES against SILVA GROUP and AGOSTINHO on the basis of their willful violations of the FLSA;

b.      Award CANIZARES actual and compensatory damages in the amount shown to be due for unpaid minimum wages;

c.      Award CANIZARES an equal amount in liquidated damages;

d.      Award CANIZARES reasonable attorneys' fees and costs of suit; and

e.      Other such relief as this Court deems just.

**Count III – Unpaid Wages – Breach of Contract by Defendant SILVA GROUP**

17.     Plaintiff, CANIZARES, realleges, as if fully set forth in Count III, the allegations of Paragraphs 1 through 6, and 8 above.

18.     Defendant offered to pay CANIZARES an hourly rate of $17 in exchange for CANIZARES performing the duties of warehouse supervisor for SILVA GROUP.

19.     For the final two weeks of CANIZARES's employment, he worked approximately 70 hours, but received no pay whatsoever.

20.     CANIZARES performed all tasks and job duties required by SILVA GROUP.

21.     SILVA GROUP's failure to pay CANIZARES the agreed upon wages amounts to a breach of contract.

22.     As a result of SILVA GROUP's breach, CANIZARES has incurred general damages and is entitled to recover the unpaid wages as well as prejudgment interest to partially compensate him for the loss of use of the funds that were due.

WHEREFORE, Plaintiff, RICHARD CANIZARES, requests judgment against Defendant SILVA GROUP for his unpaid wages and other damages, together with costs of suit and reasonable attorney's fees, and such other and further relief as the court may deem proper.

### Jury Demand

Plaintiff demands trial by jury.

Dated: May 20, 2022
Plantation, Florida

Respectfully submitted,

*/s/ Robert S. Norell*
Robert S. Norell, Esq. (Fla. Bar No. 996777)
E-Mail: rob@floridawagelaw.com
**ROBERT S. NORELL, P.A.**
300 N.W. 70th Avenue
Suite 305
Plantation, Florida 33317
Telephone: (954) 617-6017
Facsimile: (954) 617-6018
*Counsel for Plaintiff*